# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MICHAEL ANTONIO GALLOWAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:09CV298 |
| v. ) | 1:06CR309-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Michael Antonio Galloway, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 37.)[1] Petitioner was indicted on, tried for, and found guilty of two counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). (Docket Nos. 1, 21.) Petitioner was then given concurrent sentences of 240 months of imprisonment on each count. (Docket No. 25.) Petitioner did file a direct appeal, but his conviction and sentence were affirmed. (Docket Nos. 33-35.) He then filed his current motion under § 2255. Respondent has filed a response seeking to have the motion denied, Petitioner has filed a reply, and the motion is now ready to be decided. (Docket Nos. 45, 48.)

---

[1]This and all further cites to the record are to the criminal case.

## PETITIONER'S CLAIMS

Petitioner has raised four claims for relief in his motion. The first of these alleges that his conviction was obtained by the use of a coerced confession and unreliable testimony. He complains that Sylvester Island, a paid informant who testified that he bought cocaine base from Petitioner in a series of undercover drug purchases, has a girlfriend whose sister is married to another prosecution witness, Jermie Little. Petitioner claims that Little received a sentencing reduction in return for testifying against him and that Island and Little conspired to convict Petitioner even though others sold the drugs to Island. Petitioner's second and third claims are for ineffective assistance of counsel. He contends that counsel erred by failing to object to the disparity between crack and powder cocaine sentences and failing to object to the statutory mandatory minimum sentence that he received. In his accompanying memorandum, he also faults counsel for not seeing that all of the appropriate sentencing factors under 18 U.S.C. § 3553(a) were considered by the sentencing judge. Finally, in his fourth claim, Petitioner contends that the sentencing judge erred by failing to consider his diminished capacity.

## DISCUSSION

### Claim One

Petitioner's claim regarding Sylvester Island's relationship with the sister of Little's wife is somewhat difficult to decipher. He cites to Fed. R. Evid. 804(b)(3) in his brief. However, this is a rule governing hearsay evidence. Island's testimony was that he

-2-

personally bought drugs from Petitioner on multiple occasions. The hearsay rules would not be implicated by that testimony. Further, as Respondent points out, any evidentiary claim would be a non-constitutional claim which was not raised on direct appeal. As such, it is not cognizable on collateral review. *Stone v. Powell*, 428 U.S. 465 (1976); *United States v. Emanuel*, 869 F.2d 795 (4th Cir. 1989).

Even if considered on its merits, Petitioner's first claim would fail. First of all, it is largely speculative. Whatever connection Island and Little may have had, Petitioner has no proof beyond his own speculation of any conspiracy between them. Also, the relationship between Island and Little was actually presented to the jury through counsel's questioning. (Docket No. 30 at 82.) The jury apparently did not believe that the connection mattered. Finally, Island testified that, under the direct supervision of law enforcement officers, he conducted drug transactions with Petitioner. On the final transaction, which involved the largest amount of drugs, Petitioner's direct coordination of, and participation in, the deal was witnessed by a law enforcement officer. (Docket No. 29 at 17-19.) He was also witnessed by the same law enforcement officer to be present and speaking with Island at another of the transactions. (*Id*. at 15.) The officer's testimony, which strongly corroborated Island's testimony, was not part of any alleged conspiracy by witnesses to frame Petitioner. Put simply, Petitioner's contention of a conspiracy is not borne out by the record before the Court and he has introduced no supporting evidence. His first claim for relief, as presented in his § 2255 motion and supporting memorandum, should be denied.

-3-

Case 1:06-cr-00309-WO   Document 51   Filed 02/09/10   Page 3 of 8

In Petitioner's reply brief, he contends that Respondent has "misconstrued" the first claim. He then goes on to fault counsel for not sufficiently questioning Island's character and not properly cross-examining him on certain points.

It must first be stated that Respondent did not "misconstrue" Petitioner's first claim for relief. Although Petitioner's first claim is difficult to interpret, it very clearly does not allege ineffective assistance of counsel or suggest that Petitioner's attorney should have looked into or questioned Island on any of the points set out in the reply brief. Petitioner has raised an entirely new ineffective assistance of counsel claim in his reply brief, which is not a proper tactic. The claim should be denied for this reason alone.

Next, Petitioner's new ineffective assistance of counsel claim also fails on its merits. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's

unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Petitioner first faults counsel for not asking Island more about his prior work as an informant for law enforcement. He believes that counsel should have asked Island how many other times Island had testified and whether his testimony "had previously been impeached." (Docket No. 48 at 3.) It is not clear what relevance the number of times Island had testified would have had. To the extent that it would have had any at all, it was well established at trial that he had a twelve-year history of working as a paid informant for law enforcement and that he had worked "over 1000 cases." (Docket No. 50 at 4; Docket No. 29 at 12.) As for whether his prior testimony might have been "impeached," that would have been an essentially unanswerable question. Certainly, if Island had testified before, it was likely that attempts at impeachment had been made. However, whether or not the attempts succeeded would have been a matter for the previous finders of fact to have determined. Island could have only guessed or speculated on the point. The question suggested by Petitioner would not have been proper.

Petitioner also contends that counsel should have looked into or asked Island whether, as a paid informant, he had a prior criminal history that put him in contact with law enforcement or whether he used "questionable methods" and "operated outside the law" or was addicted to drugs. He states that such issues typically affect paid informants. Unfortunately, whatever may be true of other informants, Petitioner has produced nothing

but speculation that Island had such hidden issues or that counsel would have succeeded in producing any meaningfully impeaching testimony if he had asked about these issues or investigated them.[2]

Petitioner next claims that counsel should have questioned Island as to why he purchased quarter ounces of cocaine base for $100, but later paid $1,600 for two ounces, thereby paying twice as much per ounce as he had earlier even though he was buying greater volume. Petitioner misconstrues Island's testimony in making this argument. Viewed as a whole, Island testified that he paid $100 in an earlier uncharged transaction for an unidentified "smaller" amount of drugs. He never stated how much he paid for the quarter ounce quantities. (Docket No. 50 at 13.) The law enforcement agent supervising Island's buys also testified to this smaller $100 purchase that preceded the quarter-ounce buys. (Docket No. 29 at 12-13.) Finally, the Presentence Report (PSR) in the case also notes a small $100 buy preceding the buys charged in the indictment. (PSR ¶ 4.) It states that the buys supporting Counts One and Two of the indictment were for $220 and $350. (*Id*. ¶¶ 5–6.) Petitioner's argument fails because it is based on a misinterpretation of the record.

---

[2]This is not to say that counsel did not investigate these issues. Counsel did submit an affidavit addressing points raised in the original § 2255 motion. (Docket No. 46, Ex. A.) Naturally, given that Petitioner did not mention Island's background, criminal history, etc., until the reply brief, counsel did not cover those issues in his affidavit. Having raised the issue far too late, Petitioner cannot now construe counsel's silence as confirming a failure to investigate these matters.

Finally, Petitioner claims that counsel should have scoured telephone records and law enforcement reports for evidence with which to impeach Island. Again, he provides no evidence, only speculation, that counsel did not perform such an investigation or that such information would have been helpful in any way. Petitioner's presentation is entirely conclusory and speculative as to both the error and prejudice prongs of his claim that counsel provided ineffective assistance by failing to properly impeach Island. The claim should be denied for this additional reason.

## Claims Two and Three

Petitioner's next two claims are that counsel provided ineffective assistance of counsel by not challenging the "unreasonableness" of his sentences due to the fact that cocaine base offenses are treated more harshly than powder cocaine under the United States Sentencing Guidelines and by not insuring that the sentencing judge properly considered the sentencing factors under the Guidelines as set out in 18 U.S.C. § 3553(a). The same standards for ineffective assistance of counsel set out above also apply to these claims.

Unfortunately for Petitioner, his sentences were imposed as mandatory minimum sentences under the applicable statutes, not as sentences under the Sentencing Guidelines. (Docket No. 31 at 4; PSR ¶¶ 71-72.) He points to nothing that would have allowed the sentencing judge to go below the mandatory minimum. Raising the issues suggested by Petitioner would have been pointless, meaning that the failure to raise them could not have prejudiced Petitioner. The reality was that Petitioner's sentence simply had to be at least 20

years no matter what counsel argued. Petitioner received the lowest sentence possible given his convictions. Counsel did not provide ineffective assistance.

### Claim Four

Petitioner's final claim is that the sentencing judge erred in failing to take into account at sentencing the fact that Petitioner suffered from diminished capacity due to drug use. Again, whether or not this factor was or was not considered makes no difference in the case. The sentencing judge had no authority to give a sentence less than 240 months and he gave the lowest sentence possible. There was no error and Petitioner could not have suffered prejudice in any event. Petitioner's fourth claim for relief should also be denied.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (Docket No. 37) be denied, and that this action be dismissed.

/s/ P. Trevor Sharp<br>United States Magistrate Judge

Date: February 9, 2010